# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: S.C. & J.C.

No. 15-0532 (Raleigh County 13-JA-60 & 13-JA-61)

**FILED**

November 23, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father R.C., by counsel Steven K. Mancini, appeals the Circuit Court of Raleigh County's April 3, 2015, order terminating his parental rights to fifteen-year-old S.C. and nine-year-old J.C. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Katherine M. Bond, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in finding he sexually abused S.C. and that the circuit court failed to properly consider J.C.'s wishes prior to termination.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2013, the Beckley Police Department received a complaint that petitioner sexually abused S.C. As part of the underlying investigation, Lieutenant Matthew Montgomery interviewed petitioner on February 21, 2013, during which petitioner confessed to certain allegations. Petitioner admitted that he massaged S.C.'s breasts and that she has "played with [him] a time or two." Thereafter, in March of 2013, the DHHR filed an abuse and neglect petition against petitioner alleging that he sexually abused S.C. According to the DHHR, petitioner made S.C. perform oral sex on him.

Between June of 2013 and February of 2015, the circuit court held several adjudicatory hearings, and at least one of those hearings was to allow for an in-camera interview of S.C.[2] The

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[2]The circuit court stated that the child chose not to respond to any of the court's questions pertaining to petitioner's conduct.

1

DHHR presented evidence that petitioner voluntarily confessed to sexually abusing S.C. during his February 21, 2013, interview. Jennifer Paugh, S.C.'s therapist, also testified that S.C. disclosed that petitioner sexually abused her. Petitioner testified on his own behalf that his February 21, 2013, confession was not voluntary. At the conclusion of these hearings, the circuit court found that petitioner sexually abused S.C. and entered an order reflecting that finding on March 19, 2015. Thereafter, the circuit court held a dispositional hearing during which the parties presented the psychological evaluation of J.C. Ultimately, the circuit court terminated petitioner's parental rights to the children and denied him post-termination visitation. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court adjudicating petitioner as an abusing parent or in denying him post-termination visitation.

On appeal, petitioner first argues that the circuit court erroneously adjudicated him as an abusing parent because the DHHR failed to satisfy its burden that he abused S.C. West Virginia Code § 49-1-3(1)(B) states that "'[a]bused child' means a child whose health or welfare is harmed or threatened by sexual abuse . . . ." Further, West Virginia Code § 49-1-3(15)(A)(iii) provides that "sexual abuse" means "sexual contact."[3] In addressing the burden of proof at the adjudicatory hearing, we have explained that

---

[3]West Virginia Code § 61-8B-1(6) states that

"[s]exual contact" means any intentional touching, either directly or through clothing, of the breasts, buttocks, anus or any part of the sex organs of another person, or intentional touching of any part of another person's body by the actor's sex organs, where the victim is not married to the actor and the touching is done for the purpose of gratifying the sexual desire of either party.

"W.Va. Code [§] 49-6-2(c) [] requires the State Department of Welfare [now the Department of Human Services], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing proof.' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the State Department of Welfare is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (internal citations omitted).

In this case, the record on appeal contains evidence that the DHHR met its burden of clear and convincing proof that petitioner abused his children. While petitioner argues that the circuit court failed to determine that his confession was voluntary before using it as the sole basis for its adjudicatory finding that he abused S.C., we disagree. Upon review of the entire record, it is clear that the DHHR met its burden. This Court has explained that:

It is imperative to note that the evidence in an abuse and neglect case does not have to satisfy the stringent standard of beyond a reasonable doubt; the evidence must establish abuse by clear and convincing evidence. This Court has explained that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established." *Brown v. Gobble*, 196 W.Va. 559, 564, 474 S.E.2d 489, 494 (1996) (internal citations omitted). We have also stated that the clear and convincing standard is "intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases." *Cramer v. W. Va. Dept. of Highways*, 180 W.Va. 97, 99 n. 1, 375 S.E.2d 568, 570 n. 1 (1988).

Upon review of the February 3, 2015, adjudicatory hearing transcript, the circuit court found that petitioner's confession was voluntary. Furthermore, the circuit court was presented with other evidence that petitioner abused S.C. Ms. Paugh testified that S.C. disclosed during therapy that petitioner sexually abused her. Similarly, Tammy Pitzer, a clinical nurse, also testified that S.C. disclosed during the course of her treatment that petitioner "fondled her." The circuit court also conducted an in-camera hearing of S.C. during which she testified that petitioner touched her "in a way that [she] did [not] want." Based on the clear and convincing evidence presented at the adjudicatory hearings, the DHHR satisfied its burden to establish child abuse in this matter. As such, we find no merit to this assignment of error.

Finally, petitioner argues that the circuit court erred in terminating his parental rights to the children without properly considering J.C.'s wishes. This Court finds no merit to petitioner's argument. West Virginia Code § 49-6-5(a)(6)(C) provides in relevant part that "the court shall give consideration to the wishes of a child fourteen years of age or older or otherwise of an age of discretion as determined by the court regarding the permanent termination of parental rights." The circuit court was not required to consider J.C.'s wishes because she was only nine years old at the time of the proceedings. Further, the record is devoid of any evidence to show that J.C.

was of an appropriate age of discretion. Therefore, based on the circumstances of this case, we find no error to warrant reversal.

For the foregoing reasons, we find no error in the decision of the circuit court and its April 3, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II